UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


MARCEL RIDDLE,

   Plaintiff,

v.            Case No. 2:13-cv-152
             HON. GORDON J. QUIST

ROBERT NAPEL, et al.

   Defendants.

_____/


<u>REPORT AND RECOMMENDATION</u>

  Plaintiffs Marcel Riddle and Ryan Cobley filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against several defendants.  Plaintiff Ryan Cobley has been dismissed from this action. All Defendants, except for Defendant Napel, have been dismissed from this action. Defendant Napel now moves for summary judgment.  Plaintiff has not filed a response to Defendant's motion and brief.

  In his May, 2013, Amended Complaint, Plaintiff claims that he was diagnosed with chronic sinusitis in 1997, chronic rhinitis in 1998, and chronic high blood pressure in 2009.  In January, 2011, Plaintiff was transferred to the Marquette Branch Prison (MBP) where Defendant serves as Warden.  Plaintiff alleges that since June, 2011, his rights under the Eighth Amendment were violated when he was exposed to high levels of black mold spores, toxic floor stripper, toxic paints, and raw sewage gasses in his MBP dormitory and dining hall.  Plaintiff claims that this exposure triggered, precipitated, and aggravated his severe chronic conditions. Plaintiff asserts that Defendant acted with deliberate indifference to Plaintiff's serious health risk and was slow to

respond to Plaintiff's grievances.  Plaintiff alleges furthermore that Defendant failed to abate the known toxic exposures and deliberately refused to follow the product warning labels on the paint and stripper containers.[1]  Plaintiff was paroled on December 11, 2014.[2]

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).  If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial.  *Id.* at 324-25.  The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial."  *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)).  The evidence must be viewed in the light most favorable to the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).  Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true.  *Muhammad v. Close***,** 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)).  However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient.  *Anderson*, 477 U.S. at 251-52.  Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff."  *Id.* at 252.  *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present

---

[1] Plaintiff's Fourteenth Amendment and state-law claims were dismissed by this Court on Oct. 7, 2014.  Page.ID 396-397, ECF No. 29.

[2] Cf. Plaintiff's OTIS page, http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=180984 (last visited June 17, 2016).

genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

To establish a claim under the Eighth Amendment, Plaintiff must satisfy a two-part test. *Henry v. Mich. Dept. of Corr.*, 27 F. App'x 573, 575-76 (6th Cir. 2001). He must meet an objective requirement by showing that his alleged exposure to various toxins was, "objectively, 'sufficiently serious.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Plaintiff must show that "he is incarcerated under conditions posing a substantial risk of serious harm." *Id.* That is, he must show that "he himself is being exposed to unreasonably high levels" of toxins. *Helling v. McKinney*, 509 U.S. 25, 35 (1993). To establish this "objective factor," the Supreme Court "requires more than a scientific and statistical inquiry into the seriousness of the potential harm and the likelihood that such injury to health will actually be caused by exposure" to alleged toxins. *Id.* at 36. It requires a prisoner to "show that the risk of which he complains is not one that today's society chooses to tolerate." *Id.*

Plaintiff must also meet a subjective requirement by showing that the Defendant acted with the requisite culpable state of mind, namely, that of "'deliberate indifference' to a substantial risk of serious harm to an inmate." *Farmer*, 511 U.S. at 828. The *Farmer* Court defined "deliberate indifference" consistent with the more demanding standard of recklessness in criminal law: The prison official in question cannot be found liable unless he "knows of and disregards an excessive risk to inmate health or safety." *Id.* at 837.

The Supreme Court affirmed a court's "usual authority to control the order of proof," that is, "if there is a failure of proof on the first element it chooses to consider, it would not be an abuse of discretion to give judgment for [Defendant] without taking further evidence." *McKinney*, 509 U.S. at 35.

In the opinion of the undersigned, Plaintiff's claim fails to satisfy the objective component of a valid Eighth-Amendment claim. Beyond his own assertion that he was exposed to black mold, Plaintiff has not presented any objective evidence to undermine the assertion in Defendant's affidavit that "[a]t no time has black mold been identified at Marquette Branch Prison during the time periods as indicated in this complaint." PageID.993-994, ECF No. 101-2. Defendant's assertion is supported by an October, 2013, Memorandum signed by the manager of Plaintiff's dorm at MBP. PageID.1045, ECF No. 101-6 (noting "I have inspected the stair well and found no evidence of mold or fungus"). It is further corroborated by three consecutive Annual Sanitation Inspection Reports (2011-13) submitted by Defendant. PageID.1000, 1015, 1027, ECF No. 101-3 (finding housing units' "[w]alls, ceilings, and attached equipment were generally clean and in good condition"). Therefore, Plaintiff fails to raise a genuine issue of material fact regarding his mold claims.

As for the other toxins (stripper, paint) and nuisances (sewage gasses) complained of, Plaintiff has again not offered any objective evidence corroborating a high level of exposure that would allow this Court to find that his exposure was sufficiently serious and beyond the levels of what today's society would choose to tolerate. In fact, the evidence he did submit directly disproves his claim. PageID.207, ECF No. 10-6 (stating that "the smell emitted from [the sewer project] is very limited" and that only one complaint had been submitted). This is insufficient to overcome Defendant's affidavit stating that "[t]he paint and floor stripper that is [sic] used in the facility meets [sic] all requirements established by the Chapter 12 – Hazardous Material Control Manual . . . . [W]ork projects on the sewer lines are constructed and completed in compliance with the Michigan Plumbing Code. At no time were/are prisoners exposed to toxic sewage gasses or any other toxic chemicals/agents as indicated in this complaint." PageID.993, ECF No. 101-2. Once again,

Defendant has some objective evidence to back up his claims in the annual Inspection Reports referenced in the previous paragraph.  PageID.1005, 1018, 1030, ECF No. 101-3 ("Hazardous and Non-Hazardous Materials Control – all areas were checked for compliance with the requirements of Chapter 12 of the MDOC EWMP.  The facility was found in substantial compliance – a job well done!" (emphasis omitted)).  Therefore, Plaintiff fails to raise a genuine issue of material fact regarding the remaining toxins.

In summary, in the opinion of the undersigned, Plaintiff has failed to sustain his burden of proof in response to Defendant's motion for summary judgment.  Accordingly, it is recommended that Defendant's Motion for Summary Judgment (ECF No. 100) be GRANTED and that this case be dismissed in its entirety.

Should the court adopt the report and recommendation in this case, the court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the undersigned recommends granting Defendants' motion for summary judgment, the undersigned discerns no good-faith basis for an appeal.  Should the court adopt the report and recommendation and should Plaintiff appeal this decision, the court will assess the $505 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $505 appellate filing fee in one lump sum.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.

*United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated: June 29, 2016

           /s/ TIMOTHY P. GREELEY       
           TIMOTHY P. GREELEY
           UNITED STATES MAGISTRATE JUDGE